UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **United States of America,** | ) | **CASE NO. 1:18 CR 001** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE PATRICIA A. GAUGHAN** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **Bryan Mathis,** | ) | <u>Order</u> |
| | ) | |
| **Defendant.** | ) | |

**<u>INTRODUCTION</u>**

This matter is before the Court upon defendant's Motion to Suppress (Doc. 21). For the reasons that follow, the motion is DENIED.

**<u>FACTS</u>**

On November 29, 2017, a Euclid police officer appeared before a state court judge seeking a search warrant to search the upstairs unit located at 21491 South Lakeshore Blvd. In support of the search warrant, the officer provided an affidavit in which he averred as follows:

- The Euclid Police Department received information from a confidential reliable informant indicating that a tall, black, thin male was dealing marijuana out of the upstairs apartment of a house located at the corner of E.215th St. and S.

1

        Lakeshore Blvd.  The officer averred that narcotics detectives have known the informant for approximately five years and the informant's information has always been accurate.  The information provided by the informant has resulted in the execution of search warrants and the recovery of illegal drugs;

- The informant indicated that the person of interest uses a silver Nissan, which is parked outside of the property at issue;

- The police department observed a silver Nissan at the premises;

- The police department spoke with the landlord, who indicated that the downstairs unit was vacant;

- The police department conducted surveillance at the property.  Detectives observed a tall, thin, black male coming and going from the residence in the silver Nissan.  Detectives further observed "short term" traffic.  Individuals would arrive in vehicles, approach the door leading to the upstairs unit, and meet the tall, thin, black male.  The individuals would leave a short time later.  In some instances, the individuals would remain in their vehicles and the tall, thin, black male would engage in hand to hand exchanges with the individuals inside the vehicles;

- Detectives conducted two trash pulls.  During the first trash pull, detectives found drug packaging, including 10-15 clear plastic bags, as well as 30 marijuana stems and a large envelope with marijuana residue.  In addition, detectives found mail addressed to defendant and Krystina Conwell.  The Nissan is registered to Conwell.  During the second trash pull, detectives found a vacuum sealed bag, a medium FedEx box, and two shopping bags, all of which contained marijuana residue.  Detectives also located loose marijuana;

- Based on the mail obtained during the trash pull, detectives conducted a computer search for "Bryan Mathis."  The computer searched revealed a Bryan B. Mathis.  The affiant averred that "Bryan B. Mathis matched the description of the tall, thin, black male given by the [informant].  Detectives attempted to match the BMV photo to Mathis but were unable to do so at the time;" and

- Mathis's prior record discloses a tremendous number of criminal violations, including convictions for drug traffikcing, burglary, robbery, felonious assault, and weapons under a disability.  The detectives learned that there are five outstanding felony warrants with several agencies and that Mathis is currently under indictment for drug trafficking and weapons charges.  In addition, Mathis is a "violator at large" through the Adult Parole Authority.

Based on the affidavit, a warrant to search the upstairs premises at 21491 South

2

Lakeshore Blvd. issued.  Subsequently, the Euclid Police Deparment executed the search warrant on the premises.  Defendant, Krystina Conwell, and their three-year old daughter were at the premises.  Officers found three glass jars containing 256 grams of marijuana, a box of sandwich bags, and a plastic measuring cup with drug residue.  In addition, among other things, officers found various other items containing drug residue, cell phones, cash, ammunition, and a firearm.

Defendant moves to suppress the evidence found during the trash pulls, as well as the evidence found as a result of the execution of the search warrant.  In addition, defendant requested a *Franks* hearing based upon his allegation that there was an intentional omission from the search warrant affidavit, to wit: the failure to disclose the location of the trash.  The Court conducted a *Franks* hearing at the same time as the suppression hearing.  The Court credits the testimony of Detective Alcantara and finds that the trash was located on the curb after having been discarded.  Therefore, the evidence obtained from the trash pulls is admissible and the affidavit contained no material omission.   The Court now turns to the admissibility of the evidence obtained as a result of the search conducted by the government.

### **ANALYSIS**

Defendant argues that the search warrant is not supported by probable cause.  According to defendant, there is no indication that the confidential informant is reliable, nor is there a sufficient nexus between the evidence found in the trash pulls and the residence.  Defendant further points out that the officers acknowledge that they were unable to verify that the BMV photo of defendant was the same person as the tall, thin, black male at the residence.

Upon review, the Court agrees with the government that the affidavit is supported by probable cause.  Here, the police received information from a confidential informant that an

individual matching the defendant's description was dealing marijuana from the upstairs apartment of a house located at the corner of E.215th St. and S. Lakeshore Blvd.  In addition, the informant indicated that the suspect drove a silver Nissan, which would be located at the property.  The affiant indicated that the confidential informant was known to the detectives for approximately five years and the informant's information has always been accurate.  Information provided by the informant in the past has resulted in the execution of search warrants and the recovery of illegal drugs.

       In addition, the police corroborated the information received from the confidential informant.  Specifically, the police went to the location and observed an individual matching the description, as well as a silver Nissan parked at the location ultimately searched.  The police spoke with the landlord who informed them that the downstairs unit was vacant, but that the upstairs unit was occupied.  In addition, the police observed frequent, short-term visitors at the residence. In some instances, the individuals would remain in their vehicles and the tall, thin, black male would engage in hand- to-hand exchanges while the individuals remained inside the vehicles.  Based on the affiant's training and experience, this type of short term traffic accompanied with hand-to-hand transactions is indicative of drug trafficking.  Moreover, the police conducted two trash pulls.  The trash pulls revealed mail addressed to defendant at the residence, as well as baggies, 30 marijuana stems, items containing marijuana residue, and loose marijuana.  Upon receipt of the mail from the trash pull, the police conducted a computer search using defendant's name.  Defendant matched the general description of a tall, thin, black male, although at the time police were unable to match defendant's BMV photo with that of the individual conducting hand-to- hand transactions at the residence.  In addition, the computer

4

search revealed that defendant had a number of prior convictions, which included drug trafficking. Defendant was also the subject of a number of outstanding felony warrants and was under indictment for drug trafficking.

> All that's needed for probable cause "is a fair probability that contraband or evidence of a crime will be found in a particular place." *United States v. Miller*, 314 F.3d 265, 268 (6th Cir. 2002) (quotation omitted). That is a "practical, common-sense decision," *Illinois v. Gates*, 462 U.S. 213, 238, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983), based on "the totality of the circumstances, not line-by-line scrutiny" of the affidavit, *United States v. Thomas*, 605 F.3d 300, 307 (6th Cir. 2010).

*United States v. Brown*, 857 F.3d 334, 339 (6th Cir. 2017).

Two factors are relevant to ascertaining whether an affidavit based on a confidential informant's tip provides a substantial basis for a finding of probable cause: (1) an explicit and detailed description of the alleged wrongdoing; and (2) corroboration of the tip through the officer's independent investigative work. *United States v. Martin*, 526 F.3d 926, 936 (6th Cir. 2008). With regard to the first prong, the affidavit provides that the confidential informant provided a description of the suspect, the location, and the vehicle he drives. In addition, the confidential informant indicated that the suspect sold marijuana out of an upstairs unit. And, the affidavit establishes the veracity of the confidential informant, because it indicates that the informant has been known to police for a number of years and has previously provided information that resulted in the seizure of illegal drugs. This is precisely the type of information found to be sufficient in *Martin*.

In addition to establishing the veracity of the confidential informant, the police corroborated the tip through independent investigative work. Here, the police engaged in surveillance of the residence and observed short-term traffic at the residence and further observed hand-to-hand transactions occurring between an individual matching the description

5

provided by the confidential informant and individuals who remained in vehicles.  The police also conducted two trash pulls where they obtained baggies, items with marijuana residue, as well as actual marijuana.  In the trash, police also discovered mail identifying defendant as a resident of the upstairs unit.  From there, the police learned of defendant's extensive criminal background, which includes drug trafficking convictions and outstanding felony warrants. The police also learned that defendant is currently under indictment for drug trafficking.  Thus, on the whole, the police engaged in sufficient independent investigative work to corroborate the tip received from the confidential informant.  As such, there is probable cause to support the search and defendant's arguments to the contrary are rejected.

Even if defendant could succeed in demonstrating that probable cause is lacking, the good faith exception applies such that suppression is not warranted.  "In the absence of an allegation that the [judge] abandoned his detached and neutral role, suppression is appropriate only if the officers were dishonest or reckless in preparing their affidavit or could not have harbored an objectively reasonable belief in the existence of probable cause."  *United States v. Harris*, 255 F.3d 288, 293 (6th Cir. 2001)(*quoting United States v. Leon*, 468 U.S. 897 (1984)). Here, there is no allegation that the judge abandoned this detached and neutral role.  Nor does the defendant suggest that the detective was dishonest or reckless in preparing the affidavit or could not have harbored an objectively reasonable belief that probable cause existed.  And, defendant does not claim that the warrant was "so lacking in indicia of probable cause" so as to render entirely unreasonable any belief that probable cause existed.  Accordingly, defendant's summary argument that the "good faith exception" is "not applicable" is rejected.

**CONCLUSION**

For the foregoing reasons, defendant's Motion to Suppress is denied.

IT IS SO ORDERED.

                                    /s/ Patricia A. Gaughan
                                    PATRICIA A. GAUGHAN
                                    United States District Court
Dated: 8/7/18                    Chief Judge