UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | CASE NO. 1:18 CR 00001 |
| | ) | |
| Plaintiff, | ) | JUDGE PATRICIA A. GAUGHAN |
| vs. | ) | |
| | ) | |
| Bryan Mathis, | ) | Memorandum of Opinion and Order |
| | ) | |
| Defendant. | ) | |

**Introduction**

This matter is before the Court upon Defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Doc. 69–1). For the following reasons, this Court DENIES the motion.

**Facts**

On August 9, 2018, a jury found Defendant guilty on two counts: Count One, Felon in Possession of a Firearm, 18 U.S.C. § 922(g)(1); and Count Two, Possession with Intent to Distribute Marijuana, 18 U.S.C. § 841(a)(1) and § 841(b)(1)(D). Defendant was found not guilty by a jury on Count Three, Possession of a Firearm in Furtherance of a Drug Trafficking Crime, 18 U.S.C. § 924(c)(1)(A)(i). He was sentenced to a total of 120 months imprisonment. Defendant appealed his conviction and sentence, and the Sixth Circuit affirmed on March 30, 2020. *United States v. Mathis*, 807 Fed. App'x 476 (2020). Defendant did not file for certiorari

with the Supreme Court. Defendant timely filed this Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 on April 26, 2021.

**Standard of Review**

28 U.S.C. § 2255 provides a prisoner in federal custody a remedy to collaterally attack his sentence on the ground that it was imposed in violation of the Constitution or laws of the United States. A prisoner may move to vacate, set aside, or correct his sentence upon the basis that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255. To warrant relief under the statute because of constitutional error, the error must be one of constitutional magnitude which had a substantial and injurious effect or influence on the proceedings. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (citation omitted); *Humphress v. United States*, 398 F.3d 855, 858 (6th Cir. 2005).

**Discussion**

Defendant, proceeding pro se, sets forth two claims for relief: (1) counsel was ineffective for failing to raise originalist arguments regarding the meaning of the Fourth Amendment at Defendant's suppression hearing, and (2) counsel was ineffective for failing to object to this Court's application of a four-level firearms enhancement because Defendant was acquitted of the underlying conduct.

A petitioner alleging ineffective assistance must show that counsel's performance was inadequate and that prejudice resulted. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Counsel is presumed to have provided effective assistance, and a petitioner bears the burden of

showing otherwise. *Mason v. Mitchell*, 320 F.3d 604, 616–17 (6th Cir. 2003). A defendant "must show that counsel's representation fell below an objective standard of reasonableness." *Strickland*, 466 U.S. at 687–88.

An error by counsel, "even if professionally unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment." *Id.* at 691. Deficiencies in counsel's performance must instead "be prejudicial to the defense in order to constitute ineffective assistance under the Constitution." *Id.* at 692. It is not enough for the defendant to show "that the errors had some conceivable effect on the outcome of the proceeding" as virtually "every act or omission of counsel would meet this test." *Id.* at 693. The "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.*

**(1) Fourth Amendment Argument (Claim 1)**

In Claim 1, Defendant argues his trial counsel was constitutionally ineffective for failing to argue at his suppression hearing that "background positive law" required the government to secure a warrant to search trash on the curb outside Defendant's home. Had counsel done so, he argues, he would have prevailed at that hearing, leaving the government with insufficient evidence to secure a conviction for Count Two, Possession with Intent to Distribute Marijuana.

On direct appeal to the Sixth Circuit, Defendant's appellate counsel presented the same argument. In Defendant's city, an ordinance prohibits private parties from interfering with trash on the curb, thereby requiring the government to secure a warrant to search that trash. But

appellate counsel acknowledged that binding Supreme Court precedent held exactly the opposite—trash on the curb may be searched without a warrant. (Doc. 43 at 13) ("Binding precedent allows trash pulls.") (citing *California v. Greenwood*, 486 U.S. 35, 40 (1988)). The Sixth Circuit affirmed Defendant's conviction and sentence after applying "plain error" review because Defendant did not first raise the issue with this Court.

Defendant now points to Judge Thapar's concurrence as evidence that his counsel was constitutionally ineffective for failing to raise a "text and history" argument before this Court.

### A. Counsel Was Not Deficient

Trial counsel was not inadequate for failing to challenge binding Supreme Court precedent. "Failing to raise an argument that is contradicted by existing precedent is not constitutionally defective . . . ." *Malone v. United* States, 817 Fed. App'x 188, 191 (6th Cir. 2020) (citing *Baker v. Voorhies*, 392 Fed. App'x 393, 401–02 (6th Cir. 2010)). There are "rare case[s]" where counsel must argue against binding precedent to be effective. *See Chase v. MaCauley*, 971 F.3d 582, 594–96 (6th Cir. 2020) (citing *Lucas v. O'Dea*, 179 F.3d 412, 420 (6th Cir. 1999)). But counsel must only do so if "a change in the law was 'clearly foreshadowed'" and need not do so if binding precedent "squarely foreclosed" the argument. *Malone*, 817 Fed. App'x at 191 (citing *Thompson v. Warden, Belmont Corr. Inst.*, 598 F.3d 281, 288 (6th Cir. 2010)).

Here, *California v. Greenwood* "squarely foreclosed" Defendant's argument that the government needed a warrant to search trash left on the curb outside of his home. *Id.* In Defendant's direct appeal, both the majority opinion and the concurrence wrote that *Greenwood* is binding precedent, and the majority noted this Circuit had followed *Greenwood* "many times before." *See United States v. Mathis*, 807 Fed. App'x 476, 478–79 (6th Cir. 2020)

4

(majority opinion); *id.* at 480 (Thapar, J., concurring).Therefore, the success of a Fourth Amendment argument based on originalism was not "clearly foreshadowed" at the suppression hearing. This Court concludes that trial counsel was not deficient for failing to raise such an argument.

### B. Defendant Cannot Show Prejudice

Even if trial counsel was deficient for failing to raise an argument based on the Fourth Amendment's text and history, Defendant cannot show prejudice. Had Defendant raised such an argument, this Court would have been required to follow *Greenwood* and hold that the government could introduce evidence gathered from the trash pull. The Sixth Circuit's opinion on direct appeal indicates that it, too, would have been bound to follow *Greenwood*. *United States v. Mathis*, 807 Fed. App'x 476, 479 (6th Cir. 2020). There is accordingly no "reasonable probability" that the outcome of Defendant's case would have been different if his allegedly deficient trial counsel had argued the Fourth Amendment's text and history. *Strickland v. Washington*, 466 U.S. 668, 693 (1984). This Court holds that Defendant's trial counsel was not ineffective for failing to raise originalist arguments regarding the Fourth Amendment.

### (2) Firearms Enhancement Argument (Claim 2)

In Claim 2, Defendant argues that he was denied effective assistance of counsel because trial counsel did not object to a four-level sentence enhancement for Defendant's possession of a firearm where Defendant was acquitted for the same conduct underlying the enhancement. This Court enhanced Defendant's sentence under U.S.S.G. § 2k2.1(b)(6), which provides a four-level increase "if the defendant . . . used or possessed

any firearm or ammunition in connection with another felony offense . . . ." Defendant points out that the jury acquitted him for Possession of a Firearm in Furtherance of a Drug Trafficking Crime.

The jury acquitted Defendant under a "beyond a reasonable doubt" standard, whereas this Court only needed to satisfy a "preponderance of the evidence" standard to enhance his sentence for the same conduct. *See United States v. Watts*, 519 U.S. 148, 157 (1997). The Defendant raised this exact issue with the Sixth Circuit, which rejected it. *See United States v. Mathis*, 807 Fed. App'x 476, 479–80 (6th Cir. 2020). "A § 2255 motion may not be used to relitigate an issue that was raised on appeal absent highly exceptional circumstances," which do not exist in this case. *DuPont v. United States*, 76 F.3d 108, 110 (6th Cir. 1996) (quotations omitted). The Sixth Circuit fully analyzed the argument and wrote that Defendant's "speculation" that he would not have received the enhancement had his counsel objected failed to meet the "high bar" of ineffective assistance because the Sixth Circuit had upheld "preponderance of the evidence" sentence enhancements in factually similar circumstances. *Mathis*, 807 Fed. App'x at 479–80. The Sixth Circuit further noted that this Court expressed that Defendant's 120-month sentence was "insufficient," indicating that this Court was likely to give the enhancement even if Defendant had objected. *Id.*

Because Defendant raised the exact argument regarding his sentence enhancement with the Sixth Circuit that he raises in Claim 2, this Court will not reconsider it. Regardless, the Sixth Circuit's opinion provides adequate grounds to conclude that counsel was not ineffective for failing to object to the enhancement.

**Conclusion**

For the foregoing reasons, Defendant's Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 is **DENIED**. Furthermore, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253; Fed. R. App. P. 22(b).

IT IS SO ORDERED.

                                             /s/ Patricia A. Gaughan
                                             PATRICIA A. GAUGHAN
                                             United States District Judge
Dated: 10/26/21                  Chief Judge